UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
08 JUL 21 AM 11:58

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>Jose LOZANO-Munoz,<br><br>　　　　　　Defendant | Magistrate Docket No.<br>'08 MJ 2218<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |

The undersigned complainant, being duly sworn, states:

On or about **July 19, 2008** within the Southern District of California, defendant, **Jose LOZANO-Munoz**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

　　　　　　　　　　　　　　　　　　　　　　　　SIGNATURE OF COMPLAINANT
　　　　　　　　　　　　　　　　　　　　　　　　James Trombley
　　　　　　　　　　　　　　　　　　　　　　　　Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **21st** DAY OF **JULY, 2008**

　　　　　　　　　　　　　　　　　　　　　　　　Leo S. Papas
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Jose LOZANO-Munoz

## PROBABLE CAUSE STATEMENT

On July 19, 2008 Border Patrol Agent J. Franco was performing primary inspection duties at the Interstate 8 Border Patrol Immigration Checkpoint near Pine Valley, California. Border Patrol Agent B. Woods was manning the secondary inspection area. The checkpoint was fully operational with all lights, signs, cone patterns, and stop sign set up.

At approximately 11:00 p.m., a black 1994 four door Saturn approached the primary inspection area with a driver and three visible occupants. Agent Franco questioned the driver, later identified as the defendant **Jose LOZANO-Munoz**, as to his citizenship and immigration status. The driver responded with "from here." Agent Franco questioned the occupants as to their citizenship and they responded with "yes." Agent Franco then asked the passenger as to his place of birth and he responded with another "yes." LOZANO then turned to the passenger and coached him to say "United States." Agent Franco asked LOZANO to move to the secondary inspection area.

Agent Franco asked the passenger and occupants if they had any identification and they did not. Agent Franco asked the passenger again to his citizenship and he looked to the driver for answers. Based on these actions Agent Franco asked the passenger to step outside the vehicle for further questioning as to his immigration status and he then admitted to being a Mexican citizen, present in the United States without the necessary documents to be in or remain in the United States legally. Agent Franco placed LOZANO under arrest for alien smuggling. Agent Woods interviewed the three passengers as to their citizenship and they admitted to being citizens of Mexico without the necessary documents to be, or remain in the United States legally.

LOZANO initially claimed that the illegal aliens were United States Citizens and friends of his that he was taking to their home in San Diego. After the arrest, LOZANO stated that he did not know the occupants and that he picked them up in Brawley, California when they asked him for a ride to San Diego. LOZANO also admitted to being a Mexican citizen without the necessary documents to be or remain in the United States legally.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **May 7, 2005** through **San Ysidro, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.